**DIAMOND MUSIC CO., Appellant**

**v.**

**LAMAZOU**

---

(June 6, 1927. Opinion and Decree.)
(June 20, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Sales—Par. 151, 152, 218.

When the plaintiff sells to the defendant a radio on the condition that it will receive out of town stations, and the radio delivered fails to meet that condition, the plaintiff cannot recover judgment for the price of the radio.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

Action by the Diamond Music Company, Inc., against Arthur Lamazou.

There was judgment for defendant dismissing suit as of non-suit and plaintiff appealed.

Judgment amended dismissing suit and affirmed.

John E. Jackson, Baldwin J. Allen, of New Orleans, attorneys for plaintiff, appellant.

Jos. Rosenberg, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for the price of a radio set.

The plaintiff alleged that on May 22nd, 1925, it sold to defendant a radio set; that on November 25th, 1925, the plaintiff sued the defendant for $173, being the balance due on the purchase price; that an agreement was entered into between the plaintiff and the defendant by which plaintiff agreed to give the defendant a new machine, Lamazou agreeing to pay the balance, $173, as soon as the plaintiff carried out his portion of the contract; that in accordance with said agreement the plaintiff delivered to the defendant a new radio, but that the defendant has failed to pay the $173.

The defendant pleaded that this suit was incompatible with the first suit on the original contract, and he pleaded estoppel.

He also pleaded that the radio was warranted to receive out of town stations and that, due to inherent defects, the second radio likewise failed to receive out of town station. For this reason the defendant tendered back the radio and prayed for judgment dismissing this suit and condemning the plaintiff to return to him the $60 paid by him on account of the first radio.

There was judgment in favor of the defendant dismissing plaintiffs' demand as in case of non-suit.

The plaintiff has appealed. In this court the defendant has prayed "that the judgment of the lower court be amended by dismissing the suit of plaintiff at its costs and as thus amended that the same be affirmed".

The two questions are whether the plaintiff warranted the radio to receive out of town stations, and whether the radios received them.

It was admitted upon the trial of the case that after the filing of the first suit for the price of the radio originally bought and delivered to the defendant "it was agreed that petitioner would place the radio then in defendant's hands in condition so as to receive out of town stations or give defendant a new machine capable of out of town receptions; when either of these conditions had been fulfilled defendant would pay the balance of $173.00 due on his account, as his part of said agreement".

The testimony proves that the plaintiff delivered to the defendant a new machine on December 28th, 1925.

The price of the first machine was $230, upon which the defendant paid $57 cash.

The defendant testified that the machine worked about one week, and after that time failed to function. He is corroborated in that statement by three witnesses: Joseph S. Cazanbon, J. A. Vial and John E. Verges, the first, the superintendent of the Burke Electric Works, and a radio expert.

It is not proven that the machine did not work owing to any fault of the defendant. Clifford Antullovitch, a witness for the plaintiff, testified that both defendant's "A and B batteries were in a run-down condition". But there is nothing to qualify him as an expert. Cazabon, on the other hand, swears: "I made a test of the batteries and found he had new A and B batteries and they were in A-1 condition."

There is absolutely no evidence to contradict Cazabon and his three witnesses nor to explain why the machine did not work. The plaintiff made no attempt to make it work after defendant refused to pay.

We are therefore of the opinion that the plaintiff failed to fulfill the conditions of their agreement or their warranties under the law.

Diamond Music Co. vs. Lamazou, No. 10,569, Ct. App.; American Paint Wks. vs. Metairie Ridge Nursery Co., 1 La. App. 396.

The judgment is amended by dismissing plaintiff's suit at its cost, and as thus amended that the same be affirmed.